IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| S.V., a Minor, By and Through Her General Guardian, RACHEL YAMAMOTO,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | 8:16CV00419<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant, United States of America (hereinafter "United States"), answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff cannot establish an injury-in-fact or the probability of a future injury, a causal connection between any purported injury-in-fact and the challenged actions of Defendant, or any purported injury would be redressed by a favorable decision. Further, Plaintiff cannot establish a real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury.

## FOURTH DEFENSE

The injuries and damages alleged in the Complaint were not caused by a negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment.

## FIFTH DEFENSE

In the event that an employee of the United States is determined to have engaged in a negligent act and/or omission, which is expressly denied, Plaintiff's conduct contributed to the alleged damages, thereby mandating that any recovery be proportionately reduced.

## SIXTH DEFENSE

As a separate and complete defense hereto, and waiving none of the above, the United States alleges the injuries, if any, suffered by the Plaintiff were not caused by carelessness or negligence on the part of the United States, its agents, servants, or employees, but was caused in whole or in part, or was contributed to, by the negligence, carelessness, fault, disregard or want of care of the Plaintiff.

## SEVENTH DEFENSE

The alleged injuries and damages in Plaintiff's Complaint were not proximately caused by the negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment. The United States is not liable for any pre-existing, intervening, or superseding occurrences which caused, compounded or created Plaintiff's injuries.

## EIGHTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the activities set forth in the Complaint. The injuries alleged by Plaintiff were caused by and arose out of such risks.

## NINTH DEFENSE

The jurisdiction of the court is limited to claims against United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act

or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

## TENTH DEFENSE

The claims of false imprisonment, false arrest, malicious prosecution, abuse of process, assault and battery, alleged in the Plaintiff's Complaint against some of the Defendant's agents and employees were not caused by Government employees who were investigative or law enforcement officers as defined by the Federal Tort Claims Act, and are therefore barred. 28 U.S.C. § 2680(h).

## ELEVENTH DEFENSE

The United States has not waived its sovereign immunity for the acts or omissions of contractors. 28 U.S.C. § 2671.

## TWELFTH DEFENSE

The Plaintiff's recovery, if any, is limited to the sum certain amount demanded in her administrative claim. 28 U.S.C. § 2675(b).

## THIRTEENTH DEFENSE

Attorney fees are limited to not more than 25 percent of any judgment or settlement, and must be taken from such judgment or settlement.

## FOURTEENTH DEFENSE

The United States asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

## FIFTEENTH DEFENSE

Defendant reserves the right to raise and assert all other affirmative defenses or any applicable state or federal statute through which discovery it learns may be applicable to the claims raised by Plaintiff's Complaint.

## SIXTEENTH DEFENSE

Answering specifically the allegations of each numbered paragraph of the Complaint, and using the same paragraph numbers, the Defendant responds as follows:

1. Paragraph 1 contains legal theories of this action and conclusions of law, not allegations of fact, and thus no response is required, but insofar as an answer may be deemed to be required, Defendant denies paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations of paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 contains legal theories of this action and conclusions of law, not allegations of fact, and thus no response is required, but insofar as an answer may be deemed to be required, Defendant denies paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 contains legal theories of this action and conclusions of law, not allegations of fact, and thus no response is required, but insofar as an answer may be deemed to be required, Defendant denies paragraph 4 of Plaintiff's Complaint.

5. To the extent Plaintiff contends that her Complaint is sufficient to invoke the jurisdiction of this Court, Defendant United States asserts that whether such jurisdiction exists is a conclusion of law which is reserved to the Court for determination and to which no response is required. To the extent that the allegation concerning subject matter jurisdiction in paragraph 5 can be construed to constitute an allegation of material fact to which a response is required, Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations of paragraph 6 of Plaintiff's Complaint.

7. To the extent Plaintiff contends that her Complaint is sufficient to show proper venue for the action before this Court, Defendant United States asserts that whether such venue exists is a conclusion of law which is reserved to the Court for determination and to which no response is required. To the extent that the allegation concerning venue in paragraph 7 can be construed to constitute an allegation of material fact to which a response is required, Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore, the allegations are denied.

9. Paragraph 9 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 9 of Plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore, the allegations are denied.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore, the allegations are denied.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore, the allegations are denied.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore, the allegations are denied.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore, the allegations are denied.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore, the allegations are denied.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore, the allegations are denied.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore, the allegations are denied.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore, the allegations are denied.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore, the allegations are denied.

20. Defendant admits that part of paragraph 20 that states Plaintiff crossed the U.S. border and was apprehended by an employee of Customs and Border Protection ("CBP") on April 16, 2014. Defendant denies the remainder of paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations of paragraph 22 of Plaintiff's Complaint.

23. The Defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24. The Defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

25. The Defendant admits that officials with the CBP arrested Plaintiff near Hidalgo, Texas. The Defendant denies the remaining allegations of paragraph 25.

26. The Defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27. The Defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

28. The Defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29. The Defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 30.

31. Defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations of paragraph 33 of Plaintiff's Complaint

34. Defendant denies the allegations of paragraph 34 of Plaintiff's Complaint.

35. Defendant admits Plaintiff appeared in Immigration Court in Harlingen, Texas on April 21, 2015. Defendant denies the remaining allegations of paragraph 35 for lack of knowledge or sufficient information to form a belief as to the truth of the remaining allegations of paragraph 35.

36. Defendant admits Plaintiff was in custody from April 16, 2014, to May 29, 2014. Of this time, Plaintiff was in custody a total of 40 days at the International Educational Services, Inc., Los Fresnos facility. Defendant denies the remaining allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations of paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations of paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations of paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations of paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations of paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations of paragraph 43 of Plaintiff's Complaint.

44. Paragraph 44 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 44.

45. Defendant denies the allegations of paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations of paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 47.

48. Defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49. Defendant admits that S.V. was held at the International Educational Services, Incorporated, Los Fresnos facility for forty days from April 19, 2014, to May 29, 2014. Defendant denies the remaining allegations of paragraph 49.

50. Defendant admits the allegations of paragraph 50.

51. Defendant admits Ms. Maynes filed a Notice of Appearance in S.V.'s immigration proceedings on August 4, 2014. Defendant further admits that the Omaha Immigration Court is located at 1717 Avenue H, Omaha, Nebraska 68110. Defendant denies the remaining allegations of paragraph 51 for lack of knowledge or sufficient information to form a belief as to the truth of the remaining allegations of paragraph 51.

52. Defendant admits DHS counsel attended an immigration hearing on August 25, 2014, at which time the Plaintiff's immigration proceedings were not terminated. Defendant further admits that DHS counsel had a conversation with Ms. Maynes which included a discussion about the need to file a Form N-600. Defendant denies the remaining allegations of

paragraph 52 for lack of knowledge or sufficient information to form a belief as to the truth of the remaining allegations of paragraph 52.

53. Paragraph 53 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 53.

54. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore, the allegations are denied.

55. Defendant admits on February 17, 2015, Plaintiff's counsel sent a request to DHS counsel to join in the motion to terminate Plaintiff's immigration proceedings. Defendant denies the remaining allegations of paragraph 55.

56. Defendant admits DHS counsel had a conversation with Ms. Maynes at some point after receiving the joint motion to terminate. To the best of DHS counsel's recollection, Defendant admits that there was a discussion about Form N-600 and whether venue was proper in Texas. Defendant admits that at the conclusion of the conversation, DHS counsel advised that DHS would look into the case further. Defendant denies the remainder of paragraph 56.

57. Paragraph 57 contains Plaintiff's characterization of proceedings before the Immigration Judge, including the Immigration Judge's order, and Defendant refers to the documents filed in the Immigration court as to the contents of those documents. Defendant admits DHS counsel filed a non-opposition to Plaintiff's Motion to Terminate Removal Proceedings, but asserts that the response was filed on or about March 19, 2015. Defendant also admits that the Immigration Judge granted the motion and terminated removal proceedings on March 23, 2015. Defendant denies the remaining allegations of paragraph 57.

58. Defendant denies paragraph 58 of Plaintiff's Complaint.

59. Defendant denies paragraph 59 of Plaintiff's Complaint.

60. Defendant denies paragraph 60 of Plaintiff's Complaint.

61. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and therefore, the allegations are denied.

62. Paragraph 62 contains legal theories of this action and conclusions of law, not allegations of fact, and thus no response is required, but insofar as an answer may be deemed to be required, Defendant denies paragraph 62.

63. Defendant admits S.V. was in custody from April 16, 2014, to May 29, 2014. Defendant denies the remaining allegations of paragraph 63.

64. Defendant denies paragraph 64 of Plaintiff's Complaint.

65. Defendant denies paragraph 65 of Plaintiff's Complaint.

66. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and therefore, the allegations are denied.

## CAUSES OF ACTION

### COUNT I
### FTCA – Negligence

67. Defendant's answers to paragraphs 1 through 66 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

68. Defendant denies the allegations of paragraph 68 of Plaintiff's Complaint.

69. Paragraph 69 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendant denies paragraph 69.

70. Defendant denies the allegations of paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations of paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations of paragraph 72 of Plaintiff's Complaint.

## COUNT II
## FTCA – Common Law Duty to Protect

73. Defendant's answers to paragraphs 1 through 72 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

74. Defendant denies the allegations of paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations of paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations of paragraph 76 of Plaintiff's Complaint.

## COUNT III
## FTCA – False Imprisonment/False Arrest

77. Defendant's answers to paragraphs 1 through 76 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

78. Defendant denies the allegations of paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations of paragraph 79 of Plaintiff's Complaint.

## COUNT IV
## FTCA – Malicious Prosecution

80. Defendant's answers to paragraphs 1 through 79 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

81. Defendant denies the allegations of paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations of paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations of paragraph 83 of Plaintiff's Complaint.

## COUNT V
## FTCA – Abuse of Process

84. Defendant's answers to paragraphs 1 through 83 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

85. Defendant denies the allegations of paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations of paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations of paragraph 87 of Plaintiff's Complaint.

## COUNT VI
## FTCA – Intentional Infliction of Emotional Distress

88. Defendant's answers to paragraphs 1 through 87 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

89. Defendant denies the allegations of paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations of paragraph 90 of Plaintiff's Complaint.

91. Defendant denies the allegations of paragraph 91 of Plaintiff's Complaint.

## COUNT VII
## FTCA – Assault and Battery

92. Defendant's answers to paragraphs 1 through 91 of the Complaint are hereby adopted by reference to the same paragraphs as though they were fully set forth herein.

93. Defendant denies the allegations of paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations of paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations of paragraph 95 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent these paragraphs contain factual allegations, Plaintiff denies the allegations contained therein.

WHEREFORE Defendant, United States of America, prays that this action be dismissed with prejudice, and for such other and further relief as may be deemed appropriate.

UNITED STATES OF AMERICA, Defendant

DEBORAH R. GILG
United States Attorney
District of Nebraska


By: s/ Lynnett M. Wagner
    LYNNETT M. WAGNER #21606
    ROBERT L. HOMAN, #18580
    Assistant U.S. Attorney
    1620 Dodge Street, Suite 1400
    Omaha, NE 68102-1506
    Tel: (402) 661-3700
    Fax: (402) 661-3081
    Email: lynnett.m.wagner@usdoj.gov


CERTIFICATE OF SERVICE

    I hereby certify that on January 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Charles S. Ellison, and also hereby certify that a copy of the same has been served by regular mail, postage prepaid, to the following non-CM/ECF participants: N/A.


    s/ Lynnett M. Wagner
    Assistant U.S. Attorney